# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID ANTHONY TEAGUE,

    Petitioner,

vs.                                                                No. CV 18-00635 RB/GBW
                                                                     No. CR 03-01133 RB

DIRECTOR TDCJ-CID,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. §§ 2241 and 2255, upon Petitioner David Anthony Teague's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (CV 18-00635, Doc. 1.) Teague's Petition is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Petition for lack of jurisdiction.

Anthony David Teague was sentenced to 21 months imprisonment on March 26, 2004, for Threat to Injure a Person Through Interstate Commerce in violation of 18 U.S.C. § 875(c). (CR 03-01133, Doc. 61.) Teague filed a direct appeal of his conviction and sentence on April 2, 2004. (CR 03-01133, Doc. 63.) The Tenth Circuit affirmed his conviction and sentence on May 15, 2006. (CR 03-01133, Doc. 72.)

Teague filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in this case on March 30, 2007. (CR 03-01133, Doc. 74.) The Court dismissed Teague's § 2255 motion with prejudice and entered Judgment against him on August 16, 2007. (CR 03-01133, Doc. 81.) After he finished his sentence, but while

incarcerated on Texas state criminal charges in Texas, Teague then filed a Petition for Writ of Error Coram Nobis on July 25, 2016. (CR 03-01133, Doc. 82.) Teague sought to have his conviction in CR 03-01133 set aside because it was allegedly being used to improperly enhance his Texas state sentence. (CR 03-01133, Doc. 82.) The Magistrate Judge issued Proposed Findings and a Recommended Decision ("PFRD") on August 25, 2017, recommending that Teague's Petition for Writ of Error Coram Nobis be denied with prejudice. (CR 03-01133, Doc. 130.) The District Judge adopted the Magistrate's Judge's PFRD and denied the Petition with prejudice on October 27, 2017. (CR 03-01133, Doc. 134.)

Teague filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on December 26, 2017. (CR 03-01133, Doc. 138.) In his motion, Teague again attacked his now-completed sentence in CR 03-01133, contending that it is being used to improperly enhance his Texas state sentence. (*Id.* at 11.) The Court determined that Teague's motion constituted a second or successive § 2255 motion and was filed in violation of 28 U.S.C. §§ 2244 and 2255. (CR 03-01133, Doc. 141.)

On April 28, 2018, Teague filed his current Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, again attacking use of the conviction and sentence in CR 03-01133 to enhance his Texas state court sentence. (CV 18-00635, Doc. 1.) The Southern District determined that because Teague is incarcerated in Beeville, Texas, the case should be transferred to the district of incarceration. The Southern District of Texas transferred the case to the Eastern District of Texas. (CV 18-00635, Doc. 5.) The Eastern District of Texas entered an order concluding that because Teague seeks to be relieved of the federal court sentence imposed in CR 03-01133, his Petition should be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and

2

should be transferred to the court that imposed the sentence. (CV 18-00635, Doc. 14.) The Eastern District of Texas then transferred Teague's current Petition to this Court as the sentencing Court. (*Id.*)

Teague has not objected to the transfer of the case to this District, nor has he challenged the Eastern District of Texas's characterization of his filing as § 2255 motion to vacate, set aside, or correct sentence. This Court will not reconsider the Eastern District's ruling characterizing his § 2241 Petition as a § 2255 motion. Teague would not be able to obtain any relief under § 2241 because he is not incarcerated in this district and is not challenging the manner in which his completed sentence is being carried out in CR 03-01133. See *Rumsfeld v. Padilla*, 452 U.S. 426, 442–43 (2004); *United States v. Wilson*, 503 U.S. 329, 335–36 (1992). Instead, construing his filing as a § 2255 motion, the Court determines that it is a second or successive § 2255 filing. 28 U.S.C. § 2255(h).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Teague has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court

3

without the required authorization from a court of appeals, the district court may dismiss or transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court determines it is not in the interests of justice, declines to transfer, and dismisses this matter for lack of jurisdiction. Teague is no longer in federal custody and, as a consequence, may no longer seek relief under § 2255. Instead, Teague may only attack his federal conviction and sentence by a petition for writ of error coram nobis, which Teague has already done. *See United States v. Denedo*, 556 U.S. 904, 911 (2009); *see also Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989); *Igo v. United States*, 303 F.2d 317, 318 (10th Cir. 1962). Because Teague may no longer obtain relief under § 2255, it is unlikely that the Tenth Circuit would authorize him to proceed on a second or successive § 2255 motion. It would not serve the interests of justice for this Court to transfer Teague's § 2255 motion to the Tenth Circuit, and the Court will dismiss the motion for lack of jurisdiction. *Cline*, 531 F.3d at 1252.

Last, under 28 U.S.C. § 2253(c)(1), "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases that Teague has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) Petitioner Anthony David Teague's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV 18-00635, Doc. 1), which the Court construes as a second or successive § 2255 motion, is **DISMISSED** for lack of jurisdiction; and

(2) a certificate of appealability is **DENIED**, and judgment will be entered.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE